# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ENRIQUE LOPEZ,<br><br>    Petitioner,<br><br> v.<br><br>CALIFORNIA SUPREME COURT,<br><br>    Respondent. | CASE NO. 2:21-cv-09636-MCS (SK)<br><br>**ORDER DISMISSING ACTION FOR LACK OF JURISDICTION** |

  Petitioner is a California state prisoner serving a life sentence for murder and carjacking. On December 13, 2021, he filed a standalone motion for a 30-day extension of time to file a habeas petition under 28 U.S.C. § 2254, which caused the Clerk's Office to open this action. (ECF 1). But without the filing of an underlying habeas petition, the Court has no "case or controversy" to decide. *Calderon v. Ashmus*, 523 U.S. 740, 745-46 (1998). Thus, it lacks subject matter jurisdiction over this habeas action. *See, e.g., Casaburi v. Warden*, 2013 WL 3367275, at *1 (C.D. Cal. July 3, 2013) (dismissing habeas action for lack of jurisdiction where petitioner filed only a letter requesting more time to file a petition later).

  The Court also lacks personal jurisdiction because Petitioner has incorrectly named the "California Supreme Court" as respondent. The proper respondent to a federal habeas petition is the person with custody over the petitioner, which is typically the warden of the facility where the prisoner is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). "Failure to name the petitioner's custodian as a respondent deprives

federal courts of personal jurisdiction." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

For both these reasons, this action is ordered DISMISSED without prejudice for lack of jurisdiction, and judgment will be entered accordingly.[1]

IT IS SO ORDERED.

DATED: December 23, 2021

HON. MARK C. SCARSI
U.S. DISTRICT JUDGE

PRESENTED BY:

STEVE KIM
U.S. MAGISTRATE JUDGE

---

[1] While the Court does not decide this issue, it appears that Petitioner still has time to file a timely federal habeas petition. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (Court may take judicial notice of public state court dockets). The California Supreme Court apparently denied Petitioner's direct appeal on January 13, 2021. (Case No. S265595). If that is right, and Petitioner pursued no writ of certiorari in the U.S. Supreme Court, his conviction would have become final on April 13, 2021, 90 days after the California Supreme Court's denial. *See* 28 U.S.C. § 2101; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). From that date, Petitioner would have one year—and possibly more with statutory tolling for properly filed state habeas petitions—to file a federal petition on time. *See* 28 U.S.C. § 2244(d)(1)(A) & (d)(2).

2